CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 12, 2013

LETTER TO COUNSEL

   RE: *Roni Mitchell v. Commissioner of Social Security*;
     Civil No. SAG-12-3332

Dear Counsel:

  On November 14, 2012, claimant Roni Mitchell petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income.[1] (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 15, 16). I find that no hearing is necessary. Local R. 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). I will deny both motions, vacate the Commissioner's denial of benefits, and remand this matter for further proceedings consistent with this opinion. This letter explains my rationale.

  Ms. Mitchell filed her claims for benefits on July 15, 2009. (Tr. 126-38). Her claim was denied initially on January 6, 2010, and on reconsideration on November 8, 2010. (Tr. 73-80, 84-87). After a hearing, (Tr. 30-68), on February 23, 2012, an Administrative Law Judge ("the ALJ") issued an opinion denying benefits, determining that Ms. Mitchell was not disabled. (Tr. 11-29). The Appeals Council denied Ms. Mitchell's request for review, (Tr. 1-5), so the ALJ's opinion is the final, reviewable decision of the agency.

  The ALJ found that Ms. Mitchell suffered from the severe impairments of degenerative disc disease, depression, post-traumatic stress disorder, colitis, and knee osteoarthritis. (Tr. 16). Despite this impairment, the ALJ found that Ms. Mitchell had retained the residual functional capacity ("RFC") to

> [P]erform sedentary to light work as defined in 20 CFR 416.967(a) and (b) except that the claimant can lift and carry 20 pounds occasionally, 10 pounds frequently, can stand for 30 minutes, sit for 30 minutes, consistently on an alternate basis, 8 hours per day, 5 days a week. The claimant should avoid climbing stairs, ropes and ladders, and is limited to jobs that allow ready access to a bathroom. The

---

[1] Ms. Mitchell originally also filed a claim for disability insurance benefits. (Tr. 126-32). However, at her hearing, she amended her alleged onset date to April 5, 2010, which is after her date last insured. (Tr. 33). Accordingly, her application for disability insurance benefits was dismissed, and she has not contested that dismissal.

claimant is limited to jobs that are SVP2 or SVP3 in nature.

(Tr. 18-19). After hearing testimony from a vocational expert ("VE"), the ALJ concluded that Ms. Mitchell could perform her past relevant work as a telephone sales clerk, and that she therefore was not disabled. (Tr. 24-25).

Ms. Mitchell makes several arguments in support of her appeal. Although many of her arguments are unpersuasive, I agree that the ALJ failed to provide adequate findings to support his determination that Ms. Mitchell can perform her past relevant work. Remand is therefore warranted. In so holding, I express no opinion on whether the ALJ's ultimate determination that Ms. Mitchell was ineligible for benefits was correct or incorrect.

Beginning with the unpersuasive arguments, Ms. Mitchell contends that the ALJ's mental RFC was inadequate, that the ALJ assigned insufficient weight to the opinion of her treating physician, and that the ALJ failed to provide support for the sit/stand option in the RFC. The mental RFC found by the ALJ limited Ms. Mitchell to "jobs that are SVP2 or SVP3 in nature." (Tr. 19). In reaching that conclusion, the ALJ cited to substantial evidence of record, including the limited participation in mental health counseling, the absence of any inpatient hospitalization relating to mental health issues, and the treatment records from Drs. French, Dardaine, and Stancliff. (Tr. 21). That evidence supports the conclusion that Ms. Mitchell would be capable of work at the SVP2 or SVP3 levels. With respect to the treating physician, Dr. Dardaine, a treating physician's opinion is not entitled to controlling weight if it is inconsistent with the other substantial evidence of record. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). In this case, the ALJ made very precise and specific findings demonstrating how Dr. Dardaine's opinion is inconsistent with other evidence of record, specifically the treatment notes from Drs. Weidner, French, Niaz, and Nguyen. (Tr. 23). In light of the substantial evidence cited by the ALJ, I cannot find that the assignment of "little weight" was in error. Finally, with respect to the sit/stand option, Ms. Mitchell contends that no medical source suggested that she would be able to sit for thirty minutes and stand for thirty minutes on an alternate basis throughout a workday. Pl. Mot. 23-25. An ALJ need not parrot a single medical opinion, or even assign "great weight" to any opinions, in determining an RFC. Instead, an ALJ is required to consider "all of the relevant medical and other evidence." *See* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3); *see also Felton-Miller v. Astrue,* 459 F.App'x 226, 230-31 (4th Cir. 2011) (determining that an ALJ need not obtain an expert medical opinion as to an RFC, but should base an RFC on all available evidence). The ALJ cited to substantial medical support, including the records from Drs. Weidner, French, Niaz, Dardaine, and Nguyen, to suggest that Ms. Mitchell would be capable of both sitting and standing for substantial periods throughout the workday, and the inclusion of a sit-stand option simply allows Ms. Mitchell additional flexibility to address her limitations. (Tr. 21-22). As a result, I find no error pertaining to the inclusion of the sit/stand option.

However, Ms. Mitchell correctly notes that the ALJ failed to provide an adequate analysis of the mental demands of her past relevant work, and an explanation of how Ms. Mitchell is capable of fulfilling those requirements. Pl. Mot. 25-28. In analyzing a claimant's ability to perform past relevant work, the ALJ must determine: (1) the individual's RFC, (2) the

physical and mental demands of the past job or occupation, and (3) whether the individual's RFC would permit a return to his or her past job or occupation. SSR 82-62, 1982 WL 31386, at *4. Further, the ALJ "may use the services of [VEs] . . . or other resources, such as the 'Dictionary of Occupational Titles' and its companion volumes and supplements" to determine the nature of the plaintiff's past work. *Thompson v. Astrue*, 442 F. App'x 804, 807 (4th Cir. 2011) (citing 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2)). Here, the ALJ made the cursory finding that Ms. Mitchell's RFC comports with the physical and mental demands of work as a telephone sales clerk. (Tr. 24-25). However, the testimony the ALJ elicited from the VE does not substantiate that finding. When the hypothetical consistent with the RFC was propounded to the VE, the VE gave an equivocal response, noting that "telephone sales does require a bit of concentration . . . If this individual was able to do that type of concentration, being able to read from a script and being able to be quick enough on her feet to respond then yes, she would be able to perform that type of work. It is as I mentioned it's semi-skilled work but this is a type of semi-skilled work that does require concentration." (Tr. 65). Despite the less than definitive response, the ALJ provided no analysis in the opinion of Ms. Mitchell's ability to concentrate at a level permitting employment as a telephone sales clerk. Because the record contains some evidence of difficulties with concentration, *see, e.g.,* (Tr. 200) (intake note suggesting that Ms. Mitchell "[n]eeded frequent redirection in order to not go off on tangents"), 268 (consultative examiner noting that Ms. Mitchell's "thought processes were tangential and disorganized"), absent further explanation, I cannot find that substantial evidence supports the ALJ's conclusion that Ms. Mitchell is capable of her past relevant work.[2]

For the reasons set forth herein, Ms. Mitchell's motion for summary judgment (ECF No. 15) and Defendant's motion for summary judgment (ECF No. 16) will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States Magistrate Judge

---

[2] Ms. Mitchell also contends that the ALJ did not make adequate findings regarding her physical ability to perform the job, specifically because of her colitis and resulting incontinence. Pl. Mot. 26. However, as the ALJ noted, the colitis issue has been present and essentially unchanged for over thirty years, and Ms. Mitchell previously worked successfully in telephone sales while managing the impairment. (Tr. 22). The record is less clear as to whether Ms. Mitchell's ability to concentrate has remained consistent over time.